UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**PETER JOHANSEN**,

        Plaintiff,

        v.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION**,

        Defendant.

Civil Case No. 3:13-CV-01082-KI

OPINION AND ORDER

        James S. Coon
        Swanson, Thomas, Coon & Newton
        The Thomas Mann Building
        820 SW 2nd Avenue, Suite 200
        Portland, Oregon  97204

            Attorney for Plaintiff

Page 1 - OPINION AND ORDER

S. Amanda Marshall
United States Attorney
District of Oregon
Ronald K. Silver
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97201-2902

Courtney Garcia
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075

    Attorneys for Defendant

KING, Judge:

Plaintiff Peter Johansen brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").  I reverse the decision of the Commissioner and remand for a finding of disability.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The evaluation is carried out by the Administrative Law Judge ("ALJ"). The claimant has the burden of proof on the first four steps. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520 and 416.920. First, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the ALJ proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the ALJ proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d),

416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the ALJ proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work she performed in the past, the ALJ makes a finding of "not disabled" and disability benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform work performed in the past, the ALJ proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Parra, 481 F.3d at 746. The claimant is entitled to disability benefits only if he is unable to perform other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is more than a "mere scintilla" of the evidence but less than a preponderance. Id. (internal quotation omitted). The court must uphold the ALJ's findings if they "are supported by inferences reasonably drawn from the record[,]" even if the evidence is susceptible to multiple rational interpretations. Id.

## THE ALJ'S DECISION

Johansen protectively filed applications for DIB and SSI on March 26, 2007. After a hearing, the ALJ issued an unfavorable decision on November 13, 2009, which Johansen appealed to this court. The court vacated the ALJ's decision and remanded the case for further proceedings. After an additional hearing, a second ALJ issued an unfavorable decision on April 17, 2013. Johansen's appeal of the second decision is now before this court.

The ALJ found Johansen had severe impairments of degenerative disk disease of the lumbar spine, personality disorder, anxiety disorder, depression, marijuana dependence, alcohol abuse, and opioid dependence. The ALJ also found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. After reviewing the record, the ALJ found Johansen had the residual functional capacity to perform sedentary to light work except he can only occasionally stoop, crouch, crawl, and kneel; he should avoid hazards and concentrated exposure to vibrations; he can perform only simple, routine tasks and short, simple instructions; he should have no interaction with the general public; and he should not work in close proximity with co-workers. Based on vocational expert testimony, the ALJ found Johansen could work as a mail sorter, motel cleaner, addresser, and document preparer and, thus, was not disabled under the Act.

## FACTS

Johansen alleges he became disabled on March 1, 1998, when he was 32 years old, due to severe back pain and mental impairments. He completed school through the eleventh grade and worked as a car wash attendant, construction worker, and tree trimmer. Johansen has been

Page 5 - OPINION AND ORDER

homeless on and off since 1998 or has lived with friends. He helps with the housework when staying with friends. In order to earn enough money to pay for his medication, Johansen takes the occasional odd job and collects cans at a grocery store for two or three hours, three days a week.

Johansen claims his back pain, caused by falling from a tree in 2006 and fracturing a vertebrae, is the worst problem that keeps him from working. He took oxycodone on a daily basis for years to relieve the pain, but was dropped from the pain management clinic when he tested positive for methamphetamine. Johansen then became addicted to heroin for approximately a year before going to a drug abuse clinic and switching to a methadone program.

In 1998, Johansen was tried and acquitted of several felony charges. He claims two police officers perjured themselves at his trial and followed him ever since because they want to kill him. Johansen suffers from anxiety and depression and has been treated at times with psychotropic medication. He smokes marijuana on a daily basis to help his pain and anxiety and increase his appetite. Johansen does not trust many people and prefers to stay away from most of them.

## DISCUSSION

Johansen raises a single argument in this case–the ALJ did not properly reject psychologist Dr. Peter Okulitch's opinion about his pace limitation.

Dr. Okulitch examined Johansen on June 7, 2007. Based on a 45-minute interview and questionnaires completed by Johansen and his friend, Dr. Okulitch diagnosed Johansen with posttraumatic stress disorder, generalized anxiety disorder, marijuana dependence, and paranoid personality disorder. He explained, "The mental task assessment although cursory leads me to

believe that this claimant probably does have the ability to perform simple and repetitive tasks, but may in fact do so at a somewhat slow pace." Tr. 241.

After this court vacated the first ALJ's decision and remanded the case for further proceedings, the Appeals Council instructed the second ALJ, in part:

> The consultative examiner (CE), Dr. Okulitch, noted that the claimant has the ability to perform simple and repetitive tasks, but may in fact do so at a somewhat slow pace (Tr. 241).  The CE also states that the claimant may have difficulty maintaining a work schedule (Tr. 241).  The residual functional capacity assessment (RFC) does not account for this limitation that was not rejected by the ALJ.  In fact, the jobs found at step 5 would require the claimant to sustain a production level pace . . . .  On remand, the ALJ should discuss Dr. Okulitch's opinion in its entirety.

Tr. 528.

In the discussion, the ALJ noted Johansen had moderate difficulties with concentration, persistence or pace but did not expressly address the pace limitation in the residual functional capacity.  The ALJ gave significant weight to Dr. Okulitch's opinion that Johansen can perform simple, repetitive tasks, but gave little weight to the rest of the opinion.  The ALJ concluded the opinion:  (1) was vague; (2) was at least partially based on Johansen's subjective report, which the ALJ found lacked credibility; and (3) was a one-time examination without a review of medical records so the psychologist was unaware of Johansen's drug-seeking activity, inconsistent reports about substance use, and failure to comply with recommended treatment.

The weight given to the opinion of a physician depends on whether the physician is a treating physician, an examining physician, or a nonexamining physician.  More weight is given to the opinion of a treating physician because the person has a greater opportunity to know and observe the patient as an individual.  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).  If a

Page 7 - OPINION AND ORDER

treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons. Id. (treating physician); Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1222 (9th Cir. 2010) (examining physician). Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Orn, 495 F.3d at 632; Turner, 613 F.3d at 1222. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012) (internal quotation omitted).

Johansen claims the ALJ erred in failing to include Dr. Okulitch's pace limitation in the residual functional capacity assessment without giving clear and convincing reasons for rejecting that part of the opinion. He argues the pace limitation addresses whether he can meet production quotas. In Johansen's view, a pace limitation differs from whether he can understand the work processes, an issue the ALJ addressed with the limitation to simple, routine tasks with simple instructions.

The Commissioner argues the ALJ did not reject Dr. Okulitch's pace limitation because the ALJ's limitation to simple, routine work adequately accommodated any concentration, persistence, and pace limitations, citing Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). The Commissioner further argues Dr. Okulitch's statement about Johansen's pace was vague and equivocal and the jobs the ALJ identified only require performing repetitive or short-cycle work that would encompass any pace limitations Johansen might have. Alternatively, the Commissioner contends the ALJ provided legally sufficient reasons to reject parts of Dr. Okulitch's opinion.

The first issue is determining the appropriate standard of review for the ALJ's decision. Johansen contends Dr. Okulitch's pace limitation is not contradicted by any other medical source. By citing case law about contradicted opinions of treating or examining physicians, the Commissioner implies the opinion is contradicted but does not cite a source in the record to support the implication, and I find no support in the record. Consequently, I find Dr. Okulitch's opinion is uncontradicted–the ALJ may only reject it for clear and convincing reasons.

In Stubbs-Danielson, the court concluded Dr. McCollum *did not* assess whether the claimant could work on a sustained basis when he opined the claimant was moderately limited in her ability "to perform at a consistent pace without an unreasonable number and length of rest periods." Stubbs-Danielson, 539 F.3d at 1173 (internal quotation omitted). Consequently, Dr. McCollum did not give an opinion on pace which the ALJ had to accept or reject. Id. In contrast, the court concluded Dr. Eather *did* assess whether the claimant could work on a sustained basis when he opined the claimant could "carry out simple tasks as evidenced by her ability to do housework, shopping, . . . and reading" even though she had a slow pace in thinking and actions. Id. The court did not consider Dr. McCollum's restriction concrete enough to be useful because it was not translated into a work limitation. Id. at 1174.

Here, Dr. Okulitch did translate Johansen's pace limitation into a concrete work limitation when he opined "claimant probably does have the ability to perform simple and repetitive tasks, but may in fact do so at a somewhat slow pace." Tr. 241. Namely, Johansen would perform even simple, repetitive tasks at a somewhat slow pace. This makes Dr. Okulitch's opinion more similar to Dr. Eather's opinion in Stubbs-Danielson than

Dr. Mccollum's.  Consequently, I agree with Johansen that the ALJ needed to accept or reject the portion of Dr. Okulitch's opinion identifying a pace limitation.

Turning to the ALJ's reasons for rejecting Dr. Okulitch's opinion, I do not agree that the "somewhat slow pace" limitation is too vague to be useful.  If the ALJ wished to quantify the limitation more precisely, he could have ordered further detailed testing.  I also disagree with the ALJ's reasoning that Dr. Okulitch based this limitation on Johansen's subjective report.  The psychologist spoke with Johansen for 45 minutes and performed a mini-mental status exam.  He could directly observe Johansen's pace at answering questions.  Again, if the ALJ wanted more detailed written testing, he could have ordered an additional examination.  Finally, a review of medical records discussing Johansen's drug-seeking activity and failure to comply with treatments would not have uncovered any information relevant to his pace limitation.

Neither the ALJ nor the vocational expert addressed the Commissioner's argument that the jobs the ALJ identified would encompass any pace limitation Johansen had.  The court cannot "affirm the decision of an agency on a ground that the agency did not invoke in making its decision."  Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (internal quotation omitted).

For these reasons, I find the ALJ did not give clear and convincing reasons to reject Dr. Okulitch's opinion on Johansen's pace limitations.  I now address the appropriate remedy for the error.

The court has the discretion to remand the case for additional evidence and findings or to award benefits.  McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).  Under the

credit-as-true rule, a court should remand to an ALJ with instructions to calculate and award benefits if three factors are satisfied:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, ___ F.3d ___, ___ 2014 WL 3397218, *20 (9th Cir. 2014).  The court has some flexibility in applying the credit-as-true rule, however, and can remand for further proceedings "when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." Id. at *21.

The first two factors are satisfied by the record.  Moreover, the vocational expert testified that a person unproductive for any reason, including pace, for ten percent or more of the time would be precluded from gainful activity.  Tr. 421.  Dr. Okulitch's "somewhat slow pace" limitation is reasonably consistent with being unproductive ten percent or more of the work day.  Based on the vocational expert testimony, the ALJ would have to find Johansen disabled if he credited this part of Dr. Okulitch's testimony.  I will not avail myself of the flexibility in the credit-as-true rule because the record as a whole does not give me serious doubt that Johansen is actually disabled.  Accordingly, I will remand the case for a finding of disability.

///


///

## CONCLUSION

The decision of the Commissioner is reversed. The case is remanded for a finding of disability.

IT IS SO ORDERED.

Dated this       11th       day of August, 2014.

                                                     /s/ Garr M. King
                                                    Garr M. King
                                                    United States District Judge